IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CARLOS MAYBERRY a.k.a BEL SABLE NAPOLEON,<br><br>  Plaintiff,<br><br>  v.<br><br>THE CARLOS MAYBERRY TRUST, *et al.,*<br><br>  Defendants. | Civil Action No.: PX-23-2350 |

**ORDER**

Plaintiff Carlos Mayberry, also known as Bel Sable Napoleon, filed the above-captioned Complaint along with a Motion for Leave to Proceed in Forma Pauperis, which shall be granted. ECF Nos. 1, 2. 28 U.S.C. § 1915A requires this Court to screen pro se prisoner complaints for sufficiency. The Court gives the Complaint a liberal reading, construing all facts as true and in the light most favorable to Mayberry. *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

Mayberry's 95-page Complaint names at least 51 Defendants, including the Governor of Maryland, the Alleghany County Courthouse, Actress Soleil Moonfrye, Oprah Winfrey, "Kim Kardashian's administrative contact," and various correctional officers and prison medical personnel, among others. ECF No. 1 at 2-15, 21-33. The Complaint asserts that Mayberry brings a "civil rights action," but chronicles unrelated claims, statutes, court rules, and constitutional provisions he believes have been violated. *Id.* at 16-20. As to the alleged facts, the Complaint begins by discussing "masonic erastianism," which "involves masonic lodge-building linked with masonic symbolism and pueblo symbolism of the cosmos that are presented to the public camouflaged as correctional facilities." *Id.* at 33-34. The Complaint further avers that "the Carlos

Mayberry trust is managed by members of the NBCI masonic lodge who are representatives of the Kachina cult and the Blue and Grey flute society." *Id.* at 38.

The Complaint next discusses Mayberry's work on an invention, and his request for single-cell housing to "restrict access to [his] confidential information." *Id.* at 48-50. The Complaint references related administrative remedy procedures ("ARPs") Mayberry has filed to protect his "Jacob's ladder invention," otherwise known as "Cassiopeia's Eclipse," and that Mayberry needs including internet access to work on his invention and pursue a patent. *Id.* at 51-72. The Complaint also asserts that the Jacob's ladder invention can purportedly be used to "manipulate the Baltimore Ravens NFL games," and that Khan Academy has engaged in "unauthorized public disclosure of [his] Jacob's ladder trade secrets." *Id.* at 77-78. Mayberry seeks monetary relief. *Id.* at 92-95.

Despite best efforts, the Court cannot make sense of the Complaint. Accordingly, the Court cannot discern the basis for its own jurisdiction, and so, may dismiss the Complaint on that ground alone. *See* Fed R. Civ. P 12 (b)(1). *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on his own initiative). Further, as to the sufficiency of the Complaint, the fantastical and fuguelike nature of the narrative does not make plausible a cause of action.

Accordingly, it is this 18th day of September, 2023, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;

2. The Complaint IS DISMISSED without prejudice;

3. The Clerk SHALL PROVIDE a copy of this Order to Mayberry; and

4. The Clerk SHALL CLOSE this case.

/S/

_____
Paula Xinis
United States District Judge